HEARD APRIL TERM, 1872.

## SWANN *vs.* POAG.

Devise of a tract of land to testatrix's son, E., for life, and, at his death, to his "legal heirs;" but if he should "die without such heirs, as above mentioned, at his death," then, "I do bequeath the above mentioned land to my nearest heirs-at-law, forever." E. survived the testatrix, and was her only heir at her death. He died without issue, having first sold and conveyed the land: *Held,* That the fee was vested in E., and passed to the purchaser from him.

BEFORE THOMAS, J., AT YORK, SEPTEMBER TERM, 1871.

Action of trespass to try title by John M. Swann, plaintiff, against Anna H. Poag, defendant.

Mary H. Swann, by her last will and testament, dated the 15th September, 1838, devised the tract of land in dispute to her " two sons, Joseph Addison and Edward Eaton." The will then described the land, and proceeded as follows : " At my death, I do allow my two sons above named an equal share of the above land, divided by lot, if both be living ; if only one be living, the other to hold said land for life. At one and both their deaths, I do bequeath said lands to their legal heirs. If one son only should have legal heirs, I allow such heirs to hold all of said land forever ; but if both my sons should have legal heirs, I do allow the land to be divided as above, and each son's heirs to hold their father's part of said land forever; but if both these, my two sons, should die without such heirs, as above mentioned, at their deaths, I do bequeath the above mentioned land to my nearest heirs-at-law forever."

Joseph Addison Swann died without issue in the life-time of his mother; she died in the year 1858, leaving her son Edward Eaton Swann her only heir her surviving. On the 19th November, 1858, after the death of the testatrix, Edward Eaton Swann sold and conveyed the land to Samuel G. Poag, deceased, who was the husband of defendant. Edward Eaton Swann died on the 30th of July, 1864, without issue.

The plaintiff is the nephew of the testatrix, and became her heir-at-law on the death of Edward Eaton Swann. He claimed the land under the limitation to the testatrix's "nearest heirs-at-law forever." The defendant claimed under the conveyance to Samuel G. Poag.

His Honor ruled that the plaintiff was not entitled to the land, and granted a motion for a non-suit.

The plaintiff appealed.

*Hart*, for appellant:

The term "legal heirs," as explained by "take their father's share," means heirs of the body, (Fearne on Rem., 202, § 386,) and there being no such heirs at the death of Edward Eaton Swann, the limitation to the "nearest heirs-at-law" of the testatrix took effect, and the plaintff, as her only heir, is entitled. He cited *McMakin* vs. *Brunmett*, 2 Hill Ch., 638 ; *Brailsford* vs. *Heyward*, 2 Des., 291 ; *Fronty* vs. *Fronty*, Bail. Eq., 517 ; *Dill* vs. *Dill*, 1 Des., 237 ; *Lawton* vs. *Hunt*, 4 Rich. Eq., 233 ; *Fraser* vs. *Boone*, 1 Hill Ch., 360 ; Act 1853, 12 Stat.; *Curry* vs. *Sims & Jeter*, 11 Rich., 490 ; *Gillam* vs. *Caldwell*, 11 Rich. Eq., 73 ; *Cloud* vs. *Calhoun*, 10 Rich. Eq., 358 ; *Seabrook* vs. *Seabrook*, 1 McM. Eq., 206 ; Fearne on Rem., 331, § 653, 383, § 697.

*Williams, Allison*, contra, cited *Seabrook* vs. *Seabrook*, 10 Rich. Eq., 495 ; *Sealy* vs. *Laurens*, 1 Des., 137 ; *Pressley* vs. *Davis*, 7 Rich. Eq., 105 ; *McCorkle* vs. *Black*, 7 Rich. Eq., 407 ; *Moore* vs. *Paul*, 7 Rich. Eq., 358 ; *Adams* vs. *Chaplin*, 1 Hill Ch., 265 ; *Mazyck* vs. *Vanderhorst*, Bail. Eq., 48 ; *Martin* vs. *Quattlebaum*, 3 McC., 205, 302. Edward Eaton Swann was the nearest heir of his mother at her death, and, if not entitled to the fee under the direct limitations of the will to the two sons and their "legal heirs," was clearly vested with it under the contingent limitation to her "nearest heirs-at-law," and, being so vested, had the right to convey the land.

Nov. 27, 1872. The opinion of the Court was delivered by

Moses, C. J. The non-suit granted by the Circuit Judge must be sustained. The action is trespass to try title, and before the plaintiff can recover it devolves upon him to show a title to the premises vesting in him. He claims to derive it from the will of Mrs. Mary H. Swann, as representing the person who is to take as her nearest heir-at-law, in the event of a failure of the conditions on which a fee simple estate was to pass under it to her son, Edward

Eaton Swann, who survived her, and in his life-time, after her death, conveyed the land to Samuel G. Poag, who was the husband of the defendant, Anna H. Poag, who has survived him.

It may be necessary, first, to determine what estate the said Edward Eaton Swann took, on the death of his brother, Joseph Addison Eaton. By the terms of the will, an estate for life was devised to him, with remainder to his legal heirs, which would confer upon him an estate in fee. This is on the assumption that a technical definition is to be given to the word "heirs" for, if so, it must be held a word of limitation, and not of purchase, according to the recognized rule in *Shelly's* case.—*Fewell* vs. *Fewell*, 6 Rich. Eq., 138.

Where technical words, however, are used, if there is a clear intention on the part of the testator, to be collected from the context, not to employ them in their legal sense, they should be accepted in the sense in which they appear to have been designed.—2 Williams on Executors, 778, 779 ; 2 Jarman on Wills, 744.

It is apparent, from the language of the will, that the testatrix used the term "legal heirs," in the sense of children, for she directs "each son's heirs to hold their father's part of said land forever," and in the event of the death of both sons dying without such heirs, "as above mentioned," to use her language, she bequeaths the land to her "nearest heirs-at-law forever." It is in the character of her "nearest heir" that the plaintiff asserts his legal title. Where, however, there is a devise to the testator's heirs, they do not take under the will, but by descent.—*Seabrook* vs. *Seabrook et al.*, 10 Rich. Eq., 495. John M. Swann, the plaintiff here, is not the heir-at-law, in any view, of the said Mary H. Swann, for at her death her son, Edward Eaton Swann, through whom the respondent claims, was alive, and, as her sole heir, was entitled to take.

The motion is refused, and the appeal dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.